Booraem v. Wood.

---

## Booraem and others *vs.* Wood and others.

1. A horse railroad company entered upon land with the consent of the owner, (the land being subject to a mortgage,) and constructed thereon, at great expense, an elevator to raise their cars from the bottom to the top of a hill. *Held*, that the elevator was subject to the encumbrance of the mortgage, and that the company would not be entitled to redeem the land on

which they had constructed the elevator, by paying to the mortgagee the value of the land at the time when the company took possession.

2. The company, *pendente lite,* took proceedings to condemn the land under their charter, but caused the commissioners to appraise only the value of the land without the improvements, (the elevator.) *Held,* that the condemnation being *pendente lite,* could not avail the company as against the right of the mortgagee to the land and the improvements.

Bill to foreclose.   On final hearing on pleadings and proofs.

*Mr. Lansing Zabriskie,* for complainant.

*Mr. R. Gilchrist,* for the North Hudson County Railway Company.

*Mr. C. Parker* and *Mr. R. Wayne Parker,* for the receiver of the Erie Railway Company.

THE CHANCELLOR.

This suit is brought to foreclose a mortgage, originally for $150,000 and interest, dated the 24th of January, 1867, given by William H. Wood to Cornelia Booraem, one of the complainants, upon land partly in Jersey City and partly in Hoboken.   A part of the premises was taken by condemnation, by the West Hoboken and Hoboken Passenger Railway Company, now the North Hudson County Railway Company, in 1863; and after the giving and recording of the mortgage, the North Hudson County Railway Company, in 1873, under an agreement with William H. Wood, obtained possession of another part, eight hundred and fifty-six thousandths of an acre, of the premises for the purposes of their railroad, its inclined plane and elevator, and expended in improvements thereon still remaining there, a very large sum of money. After the commencement of this suit, the company took proceedings to condemn the last-mentioned land, making the complainants parties to the proceedings.   By the award of the commissioners, it appears that they awarded damages to the owners and persons interested, for the value of the land, irre-

spective of the improvements put thereon by the company. The damages have not, nor has any part thereof, been paid or tendered to the mortgagee. The company insist that the mortgage is no longer a lien upon that land, but that the lien thereof has been transferred to the damages awarded on the condemnation, and that if, for any reason, the court shall not so adjudge, then the mortgagee should be required to accept from them, in discharge of the lien, the value of the land at the time when the company took possession under the agreement with Wood. The question presented appears to me to present no difficulty. The company acquired their interest in the land under the agreement, subject to the mortgage, (which was duly recorded,) and the improvements there made, which it is admitted were part of the freehold, became subject to it in the same manner as they would if they had been put there by the mortgagor. That the mortgagor, if he had put them there, would have had no right, as against the mortgagee, to remove them, cannot be disputed. It is obvious that his grantee, having notice of the mortgage, has no more right. If the company, at the time of entering upon the possession, had the power to condemn the interest of the mortgagee, they did not exercise it; and if they now lose the improvements by reason of the lien of the mortgage, their loss will be attributable to their own negligence. If they had not the power, the loss will be equally attributable to their negligence in not obtaining a release from the mortgagee before putting the improvements upon the land. It is insisted by the counsel of the company that equity requires that the company be permitted to take the land at its value, irrespective of the improvements, at the time when they entered into possession, and he cites certain cases in the courts of other states in which it has been so held. I do not deem it necessary to enter upon a discussion of them. The effect of such a doctrine would be to give to purchasers with notice of a mortgage, an advantage as to improvements which the mortgagor would not have had. And there is no good reason for discriminating in their favor. Such a doctrine would enable such purchasers to obtain from

the mortgagee, by means of their improvements, a compulsory release at the value of the land at the time of taking possession. Nor will the fact that in this case the company caused the land to be condemned after this suit was begun, deprive the complainant of the benefit of the improvements. Their power to condemn is disputed. But conceding it, the proceedings in condemnation cannot avail them. The maxim, *Pendente lite, nihil innovetur*, is applicable. Besides, it appears by the award itself, that the commissioners did not take into account the improvements. It also appears by the testimony that they estimated the value of the land at the time when the company entered into possession, giving interest thereon from that time. Moreover, the compensation awarded has not been paid or tendered. The mortgagee was entitled to all of it. If there was doubt as to who was entitled to the money, no steps have been taken to ascertain to whom it is to be paid. The land in question is liable to be sold, with its improvements, to pay the complainant's mortgage. The company is, of course, entitled to the equity which subjects the part of the mortgaged premises which is in the hands of subsequent purchasers, to the payment of the mortgage before selling their land for that purpose.